

## NUMBER 13-08-00259-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CAROLINE KATHLEEN CALLAWAY,                                          Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the County Court at Law
No. 3 of Collin County, Texas.

## CONCURRING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela
Concurring Memorandum Opinion by Justice Yañez**

Although I concur with the result reached by the majority, I respectfully disagree with the conclusion that the State's remark during closing argument was not improper. Specifically, I disagree with the majority's conclusion that viewed in context, the State was simply asking the jury not to reward appellant for avoiding a serious collision in response to defense counsel's argument that appellant was "trying to do the right thing" by stopping

at the 7-Eleven to sleep.  I would conclude that the State's comment was improper and that the trial court erred; however, I would find the error harmless.

Trial counsel's arguments must be confined to the record; therefore, it is improper for counsel to make reference to "facts" that are not in evidence or cannot be inferred from the evidence.[1]  "[E]rror exists when facts not supported by the record are interjected in the argument, but such error is not reversible unless, in light of the record, the argument is extreme or manifestly improper."[2]

Here, the evidence showed that Officer Robin arrived at a 7-Eleven store and found appellant asleep, sitting in the driver's seat of her car, with the ignition on.  Officer Robin woke up appellant, and she told him that she drove to the 7-Eleven parking lot to sleep because she realized she was too drunk to drive.  In a tape recording of the encounter, appellant repeatedly told Officer Robin that she was intoxicated, and Officer Robin testified that appellant had lost her mental and physical faculties due to intoxication.  On cross-examination, Officer Robin stated that he was "not aware of anything that transpired" before he found appellant asleep in her car.

During closing argument, the State remarked that appellant should not be rewarded because she "barely sideswiped a couple of cars."  The majority concludes that if taken in context, the State was merely asking the jury not to reward appellant for avoiding a serious collision in response to defense counsel's argument that appellant should not be punished for doing the "right thing."  However, the State presented no evidence that appellant drove her car in an unsafe manner prior to Officer Robin's encounter with her; no evidence was

[1] *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).

[2] *Id.*

2

offered showing that appellant "barely sideswiped a couple of cars" or that she avoided a serious collision. The comment was improper because the State made reference to facts that are not in evidence and that cannot be inferred from the evidence presented.[3] I would conclude that the trial court erred by denying appellant's objection to the State's comment.

However, the analysis does not end there. The error warrants reversal if appellant's substantial rights were affected.[4] To determine whether the State's improper argument affected appellant's substantial rights, the following factors are balanced: (1) the severity of the misconduct; (2) any curative measures adopted; and (3) the certainty of the conviction absent the misconduct.[5] "[I]n evaluating the severity of the misconduct, we must assess 'whether [the] jury argument is extreme or manifestly improper [by] looki[ing] at the entire record of final arguments to determine if there was a willful and calculated effort on the part of the State to deprive [appellant] of a fair and impartial trial.'"[6]

In examining the severity of the remark, I note that the State explained to the trial court that it was not actually alleging that appellant "barely sideswiped a couple cars," but that it was attempting to respond to defense counsel's argument that appellant did the "right thing." Moreover, the State did not say that appellant performed any act, but instead attempted, albeit unsuccessfully, to emphasize that appellant should not be rewarded for avoiding a collision. Consequently, the severity of the misconduct was mild. After reviewing the entire record of the State's final argument, I conclude that there was no willful

---

[3] *See id.*

[4] *Id.* at 572 (providing that improper argument is nonconstitutional in nature); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (holding that improper jury arguments are nonconstitutional violations analyzed pursuant to rule 44.2(b) of the Texas Rules of Appellate Procedure).

[5] *Brown*, 270 S.W.3d at 572-73.

[6] *Id.* at 573 (quoting *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)).

or calculated effort to deprive appellant of a fair and impartial trial.

Although there was no curative measure taken by the trial court, the State, in the presence of the jury, attempted to clarify its remark by explaining that it did not mean to say that appellant had actually avoided sideswiping a couple of cars. "Although a prosecutor's self-corrective action might not carry the same weight as a trial court's instruction to disregard, it is nevertheless a relevant consideration in determining harm and can, in the appropriate circumstances, render an improper comment harmless."[7] Here, the State's self-corrective action is relevant in determining the harm to appellant. Finally, the certainty of conviction was high, absent the improper comment. At trial, there was evidence that appellant had lost her mental and physical faculties and that she was sitting in the driver's seat of a car with the ignition on. Furthermore, appellant told Officer Robin that she was too intoxicated to operate her vehicle.

Therefore, after reviewing the entire record and final arguments, as a whole, and balancing the appropriate factors, I conclude that the error was harmless because the State's comment did not affect appellant's substantial rights.[8]

LINDA R. YAÑEZ,
Justice

Delivered and filed the 11th
day of February, 2010.

---

[7] *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004).

[8] *See Brown*, 270 S.W.3d at 572; *Mosley*, 983 S.W.2d at 259.

4